Judge STUCKY,
concurring in the result.
The majority produces the right outcome, but with the wrong means. In a clear case of actual bias, it relies on the theory of implied bias to find error in the military judge’s failure to exclude panel member CDR K for cause.
At trial, the challenge against CDR K'was based on both actual and implied bias. The CCA likewise considered both in rendering its decision. United States v. Rogers, No. 1391, slip op. at 2-6 (C.G.Ct.Crim.App. July 8, 2016). When the case reached this court, the. issue was recast to be solely one of implied bias—although both theories were mentioned in oral argument. In this posture, it is understandable why the majority relied on implied bias in its decision. I simply disagree.
In this case, CDR K stated that her views of the law—that an individual cannot consent to sexual activity if intoxicated and that it “would have to be proven to [her]” that someone who lacked memories of a sexual encounter could have consented—would yield to the military judge’s instructions if the two were incompatible. And CDR K’s understanding of the law of consent was certainly incompatible with its actual construction. But the military judge never provided an instruction that would divest CDR K of her erroneous views.
Although the presence of actual bias “rests heavily on the sincerity of an individual’s statement that he or she can remain impartial,” United States v. Nash, 71 M.J. 83, 88 (2012), the absence of any curative instruction on the part of the military judge rendered CDR K’s assertion in this regard worthless. Based on her statements on the law of consent and the facts of the case—an alleged sexual offense perpetrated against an intoxicated individual—CDR K essentially “formed or expressed a definite opinion as to the guilt or innocence of the accused as to [the] offense charged.” Rule for Courts-Martial (R.C.M.) 912(f)(l)(M). This expression evinced a “personal bias which [did] not yield to the military judge’s instructions and the evidence presented at trial” because no pertinent instructions were given, Nash, 71 M.J. at 88; a clear ease of actual bias. Accordingly, I agree with the majority’s ultimate conclusion that the military judge erred in refusing to exclude CDR K from the panel for cause, but disagree with the reasoning it uses to arrive at this result.